1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10                            **WESTERN DIVISION**

11

12  HELEN CALLIER,                    )      No. CV 06-4418 CW
                                      )
13               Plaintiff,           )      DECISION AND ORDER
              v.                      )
14                                    )
    MICHAEL J. ASTRUE,                )
15  Commissioner, Social Security     )
    Administration,                   )
16                                    )
                 Defendant.           )
17  _____  )

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                         **I.   BACKGROUND**

25       Plaintiff Helen Callier was born on June 11, 1959, and was forty-

26  four years old at the time of her administrative hearing.

27  [Administrative Record ("AR"), 42, 159.]  She has an eighth grade

28  education and no past relevant work experience. [AR 22, 58.]

                                   1

Plaintiff alleges disability on the basis of auditory hallucinations and mental illness. [AR 52.]

## II.    PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on July 13, 2006, and filed on July 17, 2006.  On January 25, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 20, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.    PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed a protective application for supplemental security income ("SSI") under Title XVI of the Social Security Act on January 28, 2003.  [JS 2.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on June 8, 2004, before Administrative Law Judge ("ALJ") Edward Schneeberger.  [AR 159.]  Plaintiff appeared with counsel and testified.  [Id.]  The ALJ denied benefits in a decision dated November 4, 2004.  [AR 24.]  When the Appeals Council denied review on May 15, 2006, the ALJ's decision became the Commissioner's final decision.  [AR 3.]

## IV.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

2

the finding and set aside the decision to deny benefits.  <u>See</u> <u>Aukland</u>
<u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v.</u>
<u>Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240
F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094,
1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir.
1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
<u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a
preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence
which a reasonable person might accept as adequate to support a
conclusion." <u>Id</u>.  To determine whether substantial evidence supports
a finding, a court must review the administrative record as a whole,
"weighing both the evidence that supports and the evidence that
detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence
can reasonably support either affirming or reversing," the reviewing
court "may not substitute its judgment" for that of the Commissioner.
<u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must
demonstrate a medically determinable impairment which prevents the
claimant from engaging in substantial gainful activity and which is
expected to result in death or to last for a continuous period of at
least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at
721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial
gainful activity?  If so, the claimant is found not
disabled.  If not, proceed to step two.

3

1
2
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

3
4
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

5
6
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

7
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

8

9   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

10  April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107

11  S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20

12  C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

13  "not disabled" at any step, there is no need to complete further

14  steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

15      Claimants have the burden of proof at steps one through four,

16  subject to the presumption that Social Security hearings are non-

17  adversarial, and to the Commissioner's affirmative duty to assist

18  claimants in fully developing the record even if they are represented

19  by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at

20  1288.  If this burden is met, a prima facie case of disability is

21  made, and the burden shifts to the Commissioner (at step five) to

22  prove that, considering residual functional capacity ("RFC")[1], age,

23

24      [1]  Residual functional capacity measures what a claimant can
25  still do despite existing "exertional" (strength-related) and
    "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
26  n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
    work without directly limiting strength, and include mental, sensory,
27  postural, manipulative, and environmental limitations.  Penny v.
    Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
28  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period at issue (step one); that plaintiff had a "severe" impairment, namely a depressive disorder not otherwise specified (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 19.]   Plaintiff was found to have an RFC with no exertional limitations but a limitation to work involving simple instructions, a moderate difficulty in interacting with peers and supervisors, and a marked difficulty interacting with the public. [AR 21.] Plaintiff had no past relevant work (step four). [AR 19.]   Based on Section 204.00 of the Medical-Vocational Guidelines ("Grids"), plaintiff was found capable of working at all exertional levels (step five). [AR 23.]   Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [<u>Id.</u>]

**C.   PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation identifies a single issue:

Whether the ALJ properly relied on the Grids in making the disability determination without consulting the testimony of a vocational expert. [JS 4.]

**D.   PLAINTIFF'S NON-EXERTIONAL IMPAIRMENT**

During a psychiatric evaluation performed by Dr. Barry Edelman, plaintiff reported a history of illiteracy, a chronic depressed mood,

---

765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1  vague feelings of paranoia, auditory hallucinations, low energy, poor
2  concentration and social withdrawal. [AR 102.]  Plaintiff stated that
3  she was taking psychiatric medications since the previous year. [Id.]
4  Plaintiff also stated that she lived with her daughter but had no
5  social contact outside of her family. [AR 103.]  Dr. Edelman noted
6  plaintiff had a history of substance abuse, including a prison term
7  for a drug offense. [AR 103.]  Upon mental status examination, Dr.
8  Edelman diagnosed a depressive disorder not otherwise specified, a
9  learning disorder not otherwise specified, a history of asthma, and a
10 history of illiteracy. [AR 105.]  Dr. Edelman determined that
11 plaintiff had the functional ability to maintain concentration on
12 simple work and to maintain adequate pace doing simple work; but she
13 would have moderate difficulty interacting with peers and supervisors,
14 as well as marked difficulty interacting with the public. [AR 106.]
15 The ALJ found Dr. Edelman's opinion persuasive (with the exception of
16 the diagnosis of a learning disorder) and adopted the doctor's
17 functional assessment. [AR 21.]

18      The ALJ further found, at step five of the sequential evaluation,
19 that these limitations would not significantly erode the unskilled job
20 base because, according to Social Security Ruling ("SSR") 85-15,
21 "claimant's ability to respond appropriately to supervision, co-
22 workers and usual work situations is not substantially affected."[2] [AR

23

24      [2]  SSR 85-15 is the Commissioner's policy statement regarding the
25 application of the Grids for claimants who have only non-exertional
   limitations.  SSR 85-15, 1985 WL 56856 at *1.  In pertinent part, the
26 ruling states that

27      The basic mental demands of competitive, renumerative, unskilled
        work include the abilities (on a sustained basis) to understand,
28      carry out, and remember simple instructions; to respond
        appropriately to supervision, coworkers, and usual work

                                      6

21.]  Moreover, the ALJ noted that "the bulk of unskilled work
involves working with things rather than with data or people . . .
Thus, the claimant's social limitations would still leave intact the
bulk of simple, unskilled work." [AR 21-22.]  Accordingly, plaintiff
was found not disabled pursuant to Section 204.00 of the Grids, based
on her exertional ability to perform heavy or very heavy work. [AR
23.]  Plaintiff contends that it was reversible error to reach this
conclusion without first obtaining the testimony of a vocational
expert. [JS 7.]

At step five of the sequential evaluation, the Commissioner bears
the burden of proving that the claimant can perform "other jobs that
exist in substantial numbers in the national economy." Lewis v. Apfel,
236 F.3d 503, 508 (9th Cir.2001); 20 C.F.R. § 416.920(g).  There are
two ways for the Commissioner to meet this burden: (1) by consulting
the testimony of a vocational expert or (2) by reference to the grids.
Tackett, 180 F.3d at 1099.

The Ninth Circuit has clearly delineated when it is appropriate
for the Commissioner to rely solely on the grids in meeting the burden
under Step Five of the five-part disability inquiry: "[t]he
Commissioner's need for efficiency justifies use of the grids at step
five" but only when the grids "completely and accurately represent a
claimant's limitations." Tackett, 180 F.3d at 1101 (emphasis in
original). "In other words, a claimant must be able to perform the

situations; and to deal with changes in a routine work setting.
A substantial loss of ability to meet any of these basic work-
related activities would severely limit the potential
occupational base.  This, in turn, would justify a finding of
disability.

SSR 85-15, 1985 WL 56857 at *4.

1   full range of jobs in a given category" in order for the Commissioner

2   to appropriately rely on the grids. Id.  The existence of "significant

3   non-exertional impairments . . . may make reliance on the grids

4   inappropriate."  Id. at 1101-02 (citing Desrosiers v. Sec'y of Health

5   & Human Servs., 846 F.2d 573, 577 (9th Cir. 1988)); see also Bruton v.

6   Massanari, 268 F.3d 824, 828 (9th Cir. 2000); Moore v. Apfel, 216 F.3d

7   864, 870-71 (9th Cir. 2000); cf. Gomez v. Chater, 74 F.3d 967, 971

8   (9th Cir. 1996)("[T]he use of vocational experts is left to the

9   Commissioner's discretion.  At most, the Commissioner need use a

10  vocational expert only if there is an absence of other reliable

11  evidence of the claimant's ability to perform specific jobs")

12  (citations omitted).

13       In this case, the ALJ did not obtain the testimony of the

14  vocational expert, citing instead SSR 85-15 for the proposition that

15  plaintiff's limitations in social functioning were not substantial

16  enough to significantly erode the unskilled occupational base and,

17  moreover, that such jobs involve working with things rather than with

18  data or people. [AR 21-22.]  As noted above, however, plaintiff was

19  found to have a "moderate" limitation in interacting with peers and

20  supervisors and a "marked" limitation in interacting with the public;

21  even assuming that the ALJ was correct that this did not amount to a

22  "substantial" loss of ability in social functioning under the terms of

23  SSR 85-15, there was at least some loss in social functioning that was

24  not completely and accurately represented by the Grids.  See Tackett,

25  180 F.3d at 1101.

26       Moreover, reliance on SSR 85-15 did not adequately relate all of

27  plaintiff's specific non-exertional impairments to possible erosion of

28  the relevant occupational base:  the ruling did not explicitly account

8

1  for either plaintiff's limitation to simple work, her illiteracy, or
2  her marked limitation in dealing with the public.  See Allen v.
3  Barnhart, 417 F.3d 396, 406 (3rd Cir. 2005)(reversing step five
4  determination based on SSR 85-15, noting that, "[w]hile surely, the
5  Agency can use its rules as a substitute for individualized
6  determination, nonetheless, there must be a 'fit' between the facts of
7  a given case, namely, the specific nonexertional impairments, and the
8  way in which the Rule dictates that such nonexertional limitations
9  impact the base").  In addition, the terms of SSR 85-15 itself provide
10  that the opinion of a vocational expert should be consulted in all
11  cases except those involving "relatively simple issues."  SSR 85-15,
12  1984 WL 56857 at *3, *6 ("Determining whether [mentally ill]
13  individuals will be able to adapt to the demands or 'stress' of the
14  workplace is often extremely difficult.  This section is not intended
15  to set out any presumptive limitations for disorders, but to emphasize
16  the importance of thoroughness in evaluation on an individualized
17  basis.").  Under these circumstances, the conclusion that plaintiff
18  was able to perform the full range of jobs at all exertional levels by
19  reference to the Grids was not supported by substantial evidence, and
20  remand for the consultation of a vocational expert is required.  See
21  Tackett, 180 F.3d at 1104; Desrosiers, 846 F.2d at 580-81.

22      **E.  REMAND FOR FURTHER PROCEEDINGS**

23      The decision whether to remand for further proceedings is within
24  the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,
25  1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
26  further proceedings, or where the record has been fully developed, it
27  is appropriate to exercise this discretion to direct an immediate
28  award of benefits.  Harman, 211 F.3d at 1179 (decision whether to

9

remand for further proceedings turns upon their likely utility).
However, where there are outstanding issues that must be resolved
before a determination can be made, and it is not clear from the
record that the ALJ would be required to find the claimant disabled if
all the evidence were properly evaluated, remand is appropriate.  Id.
Here, as set out above, outstanding issues remain before a finding of
disability can be made.  Accordingly, remand is appropriate.

## VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1.    The decision of the Commissioner is **REVERSED**.

2.    This action is **REMANDED** to defendant, pursuant to Sentence
Four of 42 U.S.C. § 405(g), for further proceedings as discussed
above.

3.    The Clerk of the Court shall serve this Decision and Order
and the Judgment herein on all parties or counsel.

DATED: September 25, 2007

_____/S/_____
CARLA M. WOEHRLE
United States Magistrate Judge